UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br><br> Defendants. | 1:20-cv-00119-GSA-PC <br><br> **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST REMEDIES** <br><br> **THIRTY-DAY DEADLINE TO RESPOND TO ORDER TO SHOW CAUSE** |

## I.  BACKGROUND

Darryl Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this case on January 23, 2000.  (ECF No. 1.)

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Once within the discretion of the district court, exhaustion in cases covered by the Prison Litigation Reform Act of 1995 ("PLRA") is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) (citing see Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).  Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust available administrative remedies *prior to filing suit*.  Jones v. Bock, 549 U.S. 199, 211 (2007)

(emphasis added); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.")  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter, 435 U.S. at 532.

From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely, THAT IS, before exhausting his administrative remedies.  If so, this case must be dismissed. (ECF No. 1 at 3 ¶ 5, 4 ¶ 5.)  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69).  Therefore, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## III.   ORDER TO SHOW CAUSE

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is required to respond in writing to this order, within thirty (30) days of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit; and

3. Failure to respond to this order may result in the dismissal of this case, without prejudice.

IT IS SO ORDERED.

Dated:   **June 27, 2020**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE