UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JOHNSON, | 1:20-cv-00119-GSA-PC |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| vs. | **(ECF No. 11.)** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

**I.     BACKGROUND**

Darryl Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this case on January 23, 2020.  (ECF No. 1.)

On June 29, 2020, the court issued an order to show cause requiring Plaintiff to show cause why this case should not be dismissed for failure to exhaust his administrative remedies before filing suit. (ECF No. 11.)  On July 22, 2020, Plaintiff filed a response to the court's order. (ECF No. 12.)

**II.    DISCUSSION**

Plaintiff responds that this case should not be dismissed for failure to exhaust administrative remedies because his prison appeal was rejected at the first level of review as an

anticipated action or decision, and he was informed that such issues are not appealable until they happen. Plaintiff provides evidence that he filed a form 602 inmate appeal log number SATF-B-196872 requesting to be considered for non-violent parole through the NVPP, pursuant to California's Proposition 57 approved by voters in 2016. (ECF No. 12 at 6 (Exh. A.)) The supervising appeals coordinator responded:

> Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(1). Your appeal concerns an anticipated action or decision. Such issues are not appealable until they happen.

(Id.)

Plaintiff's evidence shows that he attempted to exhaust his administrative remedies for the claims in this case and that his appeal was rejected at the first level of review as concerning an anticipated action or decision.

Plaintiff's failure to exhaust remedies is no longer clear on the face of the Complaint and therefore, the court shall not resolve this issue at this stage of the proceedings. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69). Accordingly, the court's order to show cause, issued on June 29, 2020, shall be discharged.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The court's order to show cause, issued on June 29, 2020, is DISCHARGED; and
2. The court shall screen Plaintiff's Complaint in due course.

IT IS SO ORDERED.

Dated:   **July 24, 2020**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE