UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | 1:20-cv-00119-GSA-PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.　BACKGROUND**

Darryl Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on January 23, 2000. (ECF No. 1.)

The Complaint is now before the court for screening. 28 U.S.C. § 1915.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.   SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants the CDCR and Ralph Diaz (CDCR Secretary) (collectively, "Defendants"). A summary of Plaintiff's allegations follows:

Plaintiff was convicted of two non-violent felonies under California Penal Code 273 (Child Endangerment) and California Penal Code 594(D) (Vandalism). These are both non-violent offenses, and consistent with the language of Proposition 57 and the California Constitution Article 1, Section 32, subdivision (a)(1). Plaintiff has been denied the non-violent parole process (NVVP) at SATF per California Code of Regulations, Title 15, § 3491(b)(3) that excludes sex offenders or prior sex offenders  Plaintiff was convicted of California Penal Code 288(a) in 2001 and required to register as a sex offender per Penal Code 290. The regulation

promulgated and implemented by CDCR resulted in treating sex offenders differently from other prisoners of the same category of crime. By denying Plaintiff the NVVP, Plaintiff loses any chance to be paroled early.

As relief, Plaintiff seeks to be included in the NVPP at SATF and to have his C-file sent to the California Board of Prison Terms for possible release after completion of his longest non-violent term per Proposition 57, on July 7, 2020, and immediate board consideration if Plaintiff is still in custody after the non-violent parole date due to response of this legal proceeding.

## IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act

which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    **Proposition 57**

Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1), (a)(1)(A).

Plaintiff's claim is properly brought in a civil rights action because a finding in Plaintiff's favor, i.e., that he is entitled to a parole hearing pursuant to Proposition 57, will not necessarily lead to his immediate or speedier release from custody. See Nettles v. Grounds, 830 F.3d 922, 932 (9th Cir. 2016 (en banc) (claim that would not necessarily lead to immediate or speedier release from custody falls outside the core of habeas corpus).

However, Plaintiff's claims are based on a misunderstanding of the applicable regulations and statutes. Under Cal. Code Regs. tit. 15, section 3490(c) (2009), the regulations implementing Proposition 57, a "'[v]iolent felony' is a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code." Plaintiff correctly asserts that neither Child Endangerment nor Vandalism are enumerated "violent felonies" under Section 667.5(c). However, Section 667.5(c)(6) further defines a "violent felony" as a "[l]ewd or lascivious act as defined in subdivision (a) or (b) of Section 288," and here, Plaintiff acknowledges that he was convicted

under California Penal Code 288(a) in 2001 and required to register as a sex offender per Penal Code 290.  Cal. Penal Code § 667.5.

The only issue Plaintiff appears to raise is whether Defendants have properly applied California Proposition 57 to his case.  Chubbuck v. Brown, No. 219CV2608KJMCKDP, 2020 WL 4818566, at *2 (E.D. Cal. Aug. 19, 2020).  Accordingly, Plaintiff's claim is not cognizable under § 1983 because it only asserts a violation of state law.  Id.  Section 1983 remedies violations of the Constitution, law or treaties of the United States.  Swarthout v. Cooke, 562 U.S. 216, 222, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id. (quoting  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)).  State courts "are the ultimate expositors of state law."  Id. (quoting Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)).

Other courts in this district have held similarly when confronted with section 1983 claims invoking Proposition 57.  Chubbuck, 2020 WL 4818566, at *2 (E.D. Cal. Aug. 19, 2020) (citing see, e.g., Eakins v. Diaz, No. 2:19-cv-2013-WBS-EFB P, 2020 WL 1952671, at *2 (E.D. Cal. Apr. 23, 2020); Herrera v. California State Superior Courts, No. 1:17-cv-386 AWI BAM, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *8-9 (E.D. Cal. Jan. 12, 2018); Hernandez v. Diaz, No. 2:18-cv-3265 AC P, 2019 WL 1532278, at *3, 2019 U.S. Dist. LEXIS 60935, at *7-11 (E.D. Cal. April 8, 2019)).

Even if CDCR had improperly denied Plaintiff consideration under Proposition 57, this would remain a state law claim that is not cognizable in federal court. Villegas v. Spearman, No. 219CV01539TLNACP, 2020 WL 1865292, at *2 (E.D. Cal. Apr. 14, 2020), report and recommendation adopted, No. 2:19-CV-01539-TLN-AC, 2020 WL 3840557 (E.D. Cal. July 8, 2020).  Similar allegations raised in other cases within this district have been found to present no cognizable claim under Section 1983.  Id. (citing see Russell v. Diaz, 2019 WL 2613592, at *3, 2019 U.S. Dist. LEXIS 107306 (E.D. Cal. June 26, 2019) (Case No. 2:18-cv-1062 TLN AC P) (collecting cases), findings and recommendations adopted Aug. 2, 2019; see also Ramos v. Spearman, 2020 WL 1450731, at *2, 2020 U.S. Dist. LEXIS 52064 (E.D. Cal. Mar. 25, 2020)

(Case No. 2:19-cv-1662 JAM KJN P) (citing additional cases), findings and recommendations adopted May 12, 2020).

**V.    CONCLUSION AND ORDER**

Although it is unlikely that Plaintiff can cure the pleading defects discussed above, the Complaint shall be dismissed with leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Plaintiff is granted leave to file a First Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is DISMISSED for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified in this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00119-GSA-PC; and

5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed in its entirety for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2020**                  **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE