UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | **1:20-cv-00119-GSA-PC**<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS MOOT**<br>**(ECF No. 16.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

I.      **BACKGROUND**

Darryl Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this case on January 23, 2000.  (ECF No. 1.)  On September 11, 2020, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 14.)  On October 9, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  28 U.S.C. § 1915.  (ECF No. 16.)

II.     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.     SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants the CDCR, Ralph Diaz (CDCR Secretary), and Stu Sherman (Warden, SATF) (collectively, "Defendants"). A summary of Plaintiff's allegations follows:

**Claim 1: Violation of the Right to Equal Protection - Fourteenth Amendment**

Plaintiff was convicted in 2018 of two non-violent felonies under California Penal Code 273 (Child Endangerment) and California Penal Code 594(D) (Vandalism) for a term of 5 years and 4 months, to be served in state prison.

Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of non-violent crimes.  Proposition 57 added Article 1, Section 32 to the California Constitution.  That section provides in relevant part, "Parole Consideration": Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense. . . Section 32, Subdivision (a)(1).

The CDCR improperly denied Plaintiff consideration under the Non-Violent Parole Process (NVPP) because he is a sex offender for which he must register as a sex offender.  The CDCR promulgated the regulation, Cal.Code Regs. tit 15 section 3491(b)(3) that disallows NVPP consideration for certain sex offenders like Plaintiff.  That regulation is inconsistent with Proposition 57, which did not exclude sex offenders from the NVPP.

The CDCR violated Plaintiff's rights to Equal Protection and to be free of ex post facto laws by promulgating the regulation and relying on it to deny Plaintiff's consideration under the NVPP.

Plaintiff alleges that in implementing the new regulation disallowing participation in NVPP for certain sex offenders, the CDCR is treating sex offenders, including Plaintiff, differently from other prisoners of the same category of crime, which constitutes a cognizable claim under the Fourteenth Amendment right to equal protection of the laws.

**Claim 2:  Ex Post Facto Laws**

Article 1, section 10 of the U.S. Constitution prohibits the states from passing any ex post facto laws.

"To fall within the ex post facto prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment' and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime."

Some retroactive changes in parole laws may violate the ex post facto clause, but "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions.  The critical inquiry in examining a change to a parole law is "whether retroactive application of

change. . . creates a sufficient risk of increasing the measure of punishment attached to the covered crimes."

Plaintiff alleges that the regulation promulgated and implemented by the CDCR that has caused Plaintiff to be deemed ineligible for the NVPP has resulted in the infliction of a greater punishment than that to which he otherwise was subject to under the law as it existed before that regulation was promulgated.

**Relief Requested**

As relief, Plaintiff seeks (1) an injunction invalidating the state policy rules and regulations used to deny parole consideration in violation of the Fourteenth Amendment and Article 1 Section 10 of the U.S. Constitution; (2) a declaratory judgment that Ralph Diaz's policies, rules and regulations denied Plaintiff substantive and procedural due process and equal protection of the law under the Fifth, Sixth, and Fourteenth Amendments; (3) a declaratory judgment that the Secretary's defendants assisted in perpetuating an unconstitutional policy and violated Plaintiff's substantive and procedural due process rights and equal protection rights under the Fifth, Sixth, and Fourteenth Amendments; (4) an injunction ordering Ralph Diaz to correct the unconstitutional rules and regulations by removing Cal.Code Regs. Tit 15 section 3491(a)(3) from the descriptive list of eligibility review; (5) an injunction ordering [*sic*] or his agents to grant Plaintiff a parole hearing immediately; and (6) punitive damages.

**IV.  PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v.

Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    Proposition 57

Proposition 57 was approved by California voters on November 8, 2016 and went into effect the next day.  Rodriguez v. Anderson, No. EDCV181181JGBAGR, 2021 WL 2343346, at *1 (C.D. Cal. Mar. 31, 2021), report and recommendation adopted, No. EDCV181181JGBAGR, 2021 WL 2336944 (C.D. Cal. June 7, 2021).  In pertinent part, Proposition 57 added section 32 to article I of the California Constitution.  Id.  Section 32(a) provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense," defined as "the

longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const. art I, § 32(a)(1).  Id.

Section 32(b) directs the California Department of Corrections and Rehabilitation ("CDCR") to "adopt regulations in furtherance of these provisions." Id. at *2 (citing Cal. Const. art I, § 32(b)).  The CDCR subsequently promulgated regulations that excluded persons convicted of a sex offense requiring registration as a sex offender from the definition of "nonviolent offender."  15 Cal. Code Regs. § 3490(a)(3) (2017).  Id.  Under the implementing regulations, inmates convicted of registrable sex offenses were ineligible for early parole consideration under Proposition 57.  Id.

In the action Alliance for Constitutional Sex Offense Laws v. CDCR, Case No. 34-2017-80002581, filed in the Sacramento County Superior Court on April 27, 2017 ("ACSOL"), the petitioners challenged the exclusion of inmates convicted of registrable sex offenses from the definition of "nonviolent offender" as inconsistent with the California Constitution and the voters' intent in approving Proposition 57.  Id.  On March 20, 2018, the Superior Court issued a peremptory writ of mandate directing the CDCR and Secretary Kernan to set aside the regulations (at that time 15 Cal. Code Regs. §§ 3490(a)(3) and 2449.1(a)(3)), which exclude individuals convicted of a registrable sex offense from the definition of "nonviolent offender," and to define the term "nonviolent" in a manner consistent with Article I, Section 32(a)(1).  Id. (citing ACSOL, https://services.saccourt.ca.gov/PublicCaseAccess (search for Case No. 34-2017-80002581).[1] The California Court of Appeal affirmed.  Id. (citing ACSOL v. CDCR, 45 Cal. App. 5th 225 (2020)).  The California Supreme Court granted the petition for review.  Id. (citing ACSOL v. CDCR, 2020 Cal. LEXIS 3628 (May 27, 2020)).  Subsequently, the California Supreme Court dismissed review in light of its decision in Gadlin discussed below.  Id. (citing ACSOL v. CDCR, 2021 Cal. LEXIS 1146 (Feb. 10, 2021)).

---

[1] The court may take judicial notice of the dockets and documents on file in other courts. See Fed. R. Evid. 201; Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (court may take judicial notice of and consider "documents on file in federal or state courts").

**B.**   **In re Gregory Gadlin on Habeas Corpus**[2]

The currently operative regulations implementing Proposition 57 no longer exclude inmates convicted of a registrable sex offense from the definition of "nonviolent offender" in Section 3490(a) but provide in Section 3491(b)(3) that an inmate is nevertheless not eligible for parole consideration if "[t]he inmate is convicted of a sexual offense that currently requires or will require registration as a sex offender . . . ." 15 Cal. Code Regs. § 3491(b)(3). Id.

In In re Gadlin on Habeas Corpus, the California Supreme Court addressed the validity of the regulations excluding from nonviolent offender parole consideration an inmate who is convicted of a sexual offense that currently requires or will require registration as a sex offender. Id. (citing Gadlin, 10 Cal. 5th at 919; 15 Cal. Code Regs. §§ 3491(b)(3), 3496(b)). The California Supreme Court held that (1) "nonviolent offender parole eligibility must be based on an inmate's current conviction" and (2) "an inmate may not be excluded from nonviolent offender parole consideration based on a current conviction for a registrable felony offense that the Department's regulations have defined as nonviolent." Id. (citing Gadlin, 10 Cal. 5th at 943). The Court directed the Department to "void and repeal" Cal. Code Regs. § 3491(b)(3) and § 3496(b) and make any conforming changes necessary. Id. (citing Gadlin, 10 Cal. 5th at 943.)

It is unknown whether Plaintiff in this case has requested nonviolent offender parole consideration under any new regulations and, if so, whether he has been granted a parole hearing. However, the court finds that the California Supreme Court's decision in Gadlin renders this case moot.

**B.**   **Mootness**

Mootness is jurisdictional. Rodriguez, 2021 WL 2343346, at *6 (citing See Koppers Indus. v. U.S.E.P.A., 902 F.2d 756, 758 (9th Cir. 1990)). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. Id. (citing see American Rivers v. National Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir.

---

[2] In re Gadlin, 10 Cal. 5th 915, 943, 477 P.3d 594, 612 (2020), the Court held, "that an inmate may not be excluded from nonviolent offender parole consideration based on a current conviction for a registerable felony offense that the Department's regulations have defined as nonviolent."

1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.")). To avoid dismissal on mootness grounds, "throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citation and quotation marks omitted)).

"A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Id. (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968)). Mootness requires that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. (quoting Los Angeles Cnty. v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (citations and quotations omitted)). The party asserting mootness bears the "heavy burden" of persuading the court that the challenged conduct cannot reasonably be expected to recur. Id. (quoting see Concentrated Phosphate Export Ass'n, 393 U.S. at 203)).

Plaintiff's First Amended Complaint seeks injunctive relief to invalidate the regulations deeming ineligible, for early parole consideration under Proposition 57, persons convicted of registrable sex offenses. (ECF No. 16 at 7-8.) While this case was pending, the California Supreme Court decided Gadlin and directed the CDCR to "void and repeal" the challenged regulations. Id.; 10 Cal. 5th at 943. Gadlin rendered Plaintiff's First Amended Complaint moot. Id. (citing see Twitter, Inc. v. Lynch, 139 F. Supp. 3d 1075, 1081 (N.D. Cal. 2015) ("[W]hen subsequent legislation or rulemaking supersedes challenged regulations or rules, the challenge is moot.")).

An exception to the mootness doctrine allows the court to entertain an otherwise moot matter when the alleged constitutional violation is capable of repetition but is evading review. Id. (citing see, e.g., Honig v. Doe, 484 U.S. 305, 318-20, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988)). The exception applies when: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the

same complaining party would be subjected to the same action again." Id. (quoting Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)).

This exception does not apply here because there is no reasonable expectation that Plaintiff will be subjected to the void regulations in the future. There is no reasonable expectation that the CDCR will defy the California Supreme Court and continue to apply the voided and repealed regulations. Id. (citing see, e.g., United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953)).

Because there no longer exists any claim or controversy over which this court can fashion a remedy, the First Amended Complaint is moot. Id. at *7 (citing see Giraldes v. Kernan, 707 Fed. Appx. 937, 937 (9th Cir. 2017) (affirming dismissal of action challenging CDCR regulation as moot when it was no longer enforced due to change arising from statutory amendment); McGhee v. Diaz, 2020 U.S. Dist. LEXIS 148118, *5-*6 (N.D. Cal. Aug. 17, 2020) (finding action for declaratory relief moot after state courts held that regulations precluding parole consideration for inmate were invalid); Barron v. Madden, 2019 U.S. Dist. LEXIS 38886, *7 (N.D. Cal. Mar. 11, 2019) (finding challenge to CDCR regulations that were no longer operative was moot; stating inmate could file new action if he did not receive parole within reasonable time); see also Andreozzi v. CDCR, 262 Fed. Appx. 771, 772 (9th Cir. 2007) (affirming summary judgment in action challenging CDCR regulation that was subsequently modified)).

## V.    ORDER, RECOMMENDATIONS, AND CONCLUSION

### Order:

Accordingly, **IT IS HEREBY ORDERED** that the Clerk shall randomly assign a District Judge to this case.

### Recommendations and Conclusion:

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that:

1.      This case be dismissed as moot; and

2.      The Clerk be directed to close this case.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen days** after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 29, 2021**                        **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE